**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 23-cr-0000105** |
| | ) | |
| **KENDRID HAMLIN,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT'S STATUS REPORT

Mr. Kendrid Hamlin, through counsel, respectfully updates this Court as to his status in drug treatment.

On May 18, 2026, at 9:40am, counsel received a call from Brad Durbach, Mr. Hamlin's case manager at Pyramid Healthcare stating that they were intending to discharge Mr. Hamlin. Mr. Durbach said that Mr. Hamlin had not participated in all of the group sessions over the weekends and that he was acting caustically towards staff and other patients. Specifically, he was acting in an aggressive manner, raising his voice and speaking about past convictions that he had, which staff members found threatening. Given the level of care at Pyramid, Mr. Durbach stated that Pyramid was not a good fit for Mr. Hamlin. Mr. Durbach also stated that he believed that Choice would not be a good fit given Mr. Hamlin's present mental state.

Mr. Durbach advised counsel that he spoke to Mr. Hamlin today (Mr. Durbach was not present over the weekend) and that Mr. Hamlin was cordial and that he had clamd down. Mr. Durbach suggested that Mr. Hamlin be treated at either Project Chesapeake or Hygea, other facilities that were well-versed with individuals who came from the criminal justice system that may be better equipped to handle Mr. Hamlin. Mr. Durbach surmised that Mr. Hamlin may have had difficulty over the weekend because of the unfamiliarity with the new placement or because

1

of remnants of substance abuse and expressed regret that Mr. Hamlin would need to be discharged but said that he would have to be for liability reasons.  Mr. Durbach advised that Mr. Hamlin could be stabilized for either a 30 or 60 day treatment period, at which point he may be sufficiently stabilized to go to Choice.  Mr. Durbach then asked counsel if he objected to began the process of transferring placement to Project Chesapeake or Hygea.  Counsel replied that he thought that made sense but advised that he should check with Probation.

Counsel missed three calls from Pyramid between 11:13 and 11:22 am due to being in court.  Counsel spoke to Mr. Durbach at 3:26pm.  Mr. Durbach advised counsel that he had spoken to Probation and was told that Probation would consider transfer to another residential a violation and that Probation would issue a warrant if Mr. Hamlin went to another facility.  Mr. Durbach also said that Probation wanted Mr. Hamlin to report to Probation on the morning of May 19th.  Mr. Durbach said that he advised Probation that he would have do discharge Mr. Hamlin under any scenario from Pyramid and that they would need to bring him to another facility or else release him in Harford County.  Mr. Durbach said that he was then instructed to have Mr. Hamlin transported to Catholic Charities on1355 New York Avenue, NW.

At 3:36pm, counsel called Catholic Charities to verify that it had a bed space available for Mr. Hamlin.  Counsel was informed that there were no bed spaces.  The representative stated that if an individual came and did not already have a bedspace, that they would be turned away.

Counsel attempt to call the probation officer but was unable to reach him.  Counsel then emailed Probation and advised them that Catholic Charities had said that there would be no bedspace, and that given Mr. Hamlin's mental health and substance abuse disorders, that the lack of a shelter placement would likely result in lost contact and self-medication.  Hearing no response, counsel emailed a supervisor at Probation.  Counsel ultimately spoke to a supervisor at

around 544pm but did not understand that there was a plan in place to ensure that Mr. Hamlin would have housing overnight. The supervisor, however, denied that Mr. Durbach had offered alternative placements to Probation and stated that Mr. Hamlin would have been permitted to be treated by Probation if they were aware of such an option.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

3